

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO. 10-00293 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ANGELA S. LAFONTA | MAG. JUDGE KAREN L. HAYES |

## RULING

Defendant Angela S. LaFonta ("LaFonta") was charged in a twelve-count Indictment of committing violations of 18 U.S.C. § 287 by knowingly making false or fraudulent claims to a department or agency of the United States. LaFonta was accused of making false claims to the United States Department of Health and Human Services through its Child Care Assistance Program ("CCAP"). The CCAP was administered by the Louisiana Department of Social Services, Office of Family Support (which is now known as the Office of Children and Family Services). The CCAP provides financial assistance to parents who are working or attending school or training by providing payments for eligible child care providers, including Class A day care centers.

LaFonta owned and operated two Class A day care centers: Tinkerbelle's Day Care in Winnsboro, Louisiana, and Tinkerbelle's Day Care #2 in Rayville, Louisiana. As part of their agreement with the Louisiana Department of Social Services, Class A day care providers must keep a daily attendance record for each child participating in CCAP, which includes arrival and departure times. To receive payment from the Office of Family Support, each provider must submit a provider invoice each month that includes the number of days or hours that each child attended and the days or hours each child was absent.

In each of the counts against her, LaFonta was alleged to have knowingly made and presented to the Office of Family Support false claims for reimbursement for services allegedly provided in twelve different months: October 2006, November 2006, March 2007, April 2007, June 2007, July 2007, August 2007, November 2007, December 2007, September 2008, December 2008, and January 2009. The Government accused LaFonta of knowingly submitting false invoices claiming reimbursement for day care services for certain specified children, knowing that the children were not cared for at or by the day care center and knowing that the claims were false because they listed inflated and inaccurate attendance hours for these children.

A jury trial was held in the above-referenced case on September 20-23, 2011. On the second day of trial, LaFonta moved for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29. After considering argument by counsel, the Court denied the motion.

On the fourth day, the jury convicted LaFonta on Counts 9, 11, and 12, but found her not guilty of the remaining counts.

On September 29, 2011, LaFonta filed a Motion for Judgment of Acquittal [Doc. No. 54], which is pending before the Court.

On October 4, 2011, the Government filed a Response to Defendant's Motion for Judgment of Acquittal [Doc. No. 55].

For the following reasons, LaFonta's Rule 29 Motion is DENIED.

Pursuant to Federal Rule of Criminal Procedure 29, a defendant may move for a judgment of acquittal after a guilty verdict. When deciding whether to grant a Rule 29 motion for judgment of acquittal, the Court must "consider the evidence, all reasonable inferences drawn from it and all credibility determinations in the light most favorable to the government, and [determine] if a

reasonable jury could find the offense's essential elements beyond a reasonable doubt." *United States v. Medina*, 161 F.3d 687, 872 (5th Cir. 1998); *see also United States v. Rena*, 981 F.2d 765, 771 (5th Cir. 1993). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilty," but the Government "must do more than pile inference upon inference." *United States v. Maseratti*, 1 F.3d 330, 337 (5th Cir. 1993) (citations omitted).

In this case, LaFonta contends that the only way the jury could "acquit . . . LaFonta on 9 of 12 counts, was to conclude, correctly, that she had no criminal intent." [Doc. No. 54, Memorandum, p. 1]. She then argues that there is "insufficient evidence, of record, to uphold the counts 9, 11 and 12 . . . given the jury's actions on the other nine counts." [Doc. No. 54, Memorandum, pp. 1-2].

In response, the Government agues that LaFonta does not make any factual arguments, but points only to the inconsistency of the verdicts. Quoting *United States v. Parks*, 68 F.3d 860, 865 (5th Cir. 1995), the Government contends that in the Fifth Circuit "'it is well established that juries are entitled to render inconsistent verdicts.'" [Doc. No. 55, p. 2 (citation omitted)]. The Government further argues that the Fifth Circuit has been clear that a "'not guilty verdict on one count does not establish any facts favorable to the defense for the purpose of determining the sufficiency of the evidence on the counts of conviction.'" [Doc. No. 55, p. 2 (quoting *Parks*, 68 F.3d at 865 (citations and internal quotation marks omitted))].

The Court agrees with the Government and finds that the jury's verdict was based on sufficient record evidence. At trial LaFonta cast doubt on whether she was responsible for reporting the attendance and number of hours for certain children and pointed to the possible fault of other employees. With regard to the children in Counts 1-8 and 10, the jury apparently found that she had

raised sufficient doubt and acquitted her. However, on Counts 9, 11, and 12, the jury could have concluded, based on the record evidence, that LaFonta knowingly made false statements about the children of the parent identified in exhibits on Counts 9 and 11 and the children of the parent identified in exhibits on Count 12.

Accordingly, LaFonta's Motion for Judgment of Acquittal [Doc. No. 54] is DENIED.

MONROE, LOUISIANA, this 17 day of October, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE